# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VERONICA SUNSERI
PETERS,

        Plaintiff,

v.                                                Case No. 8:20-cv-1520-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

## **OPINION AND ORDER**[2]

### **I.   Status**

Veronica Sunseri Peters ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of unspecified issues with her "Low back," "Left leg," and "Left foot." Transcript of Administrative Proceedings (Doc. No. 21; "Tr." or "administrative

---

[1]  Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 20), filed December 7, 2020; Reference Order (Doc. No. 23), entered December 8, 2020.

transcript"), filed December 7, 2020, at 91, 107, 234. Plaintiff filed an application for DIB on December 9, 2016, alleging a disability onset date of December 1, 2016.[3] Tr. at 223-24. The application was denied initially, Tr. at 90-103, 104, 105, 129-31, and upon reconsideration, Tr. at 106-20, 121, 122, 133-37.

On April 30, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 44-89. Plaintiff was 54 years old at the time of the hearing. Tr. at 52. On June 5, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 16-27.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 5-6 (Appeals Council exhibit list and order), 193-96 (request for review), 197-200 (brief). On April 30, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On July 4, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely

---

[3] Although actually filed on December 9, 2016, see Tr. at 223, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as December 8, 2016, see, e.g., Tr. at 91, 107.

filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ: 1) erred in deciding a medical source statement from Plaintiff's treating physician was untimely submitted and therefore not subject to consideration by the ALJ under the applicable Regulations; and 2) erred in determining Plaintiff's residual functional capacity ("RFC"). Joint Memorandum of Law (Doc. No. 24; "Joint Memo"), filed March 29, 2021, at 10-13, 19-23. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[4]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry until step four, where he ended the inquiry based upon his findings at that step. See Tr. at 20-27. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since December 1, 2016, the alleged onset date." Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: lumbar spine degenerative disc disease with lumbar radiculopathy status post fusion." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 22 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except [Plaintiff] needs a sit/stand option allowing her to alternate briefly for 2-3 minutes between sitting and standing every 30-60 minutes while still attaining the sitting and standing required of the sedentary exertional limit. [Plaintiff] can frequently push and pull with the bilateral upper extremities.

> [Plaintiff] can occasionally operate foot controls with the left lower extremity. [Plaintiff] can never climb ramps, stairs, ladders, ropes, or scaffolds, never crawl, and occasionally balance, stoop, kneel, and crouch. [Plaintiff] can occasionally overhead reach bilaterally and frequently reach bilaterally in all other directions. [Plaintiff] can frequently handle and finger bilaterally. [Plaintiff] must avoid concentrated exposure to excessive vibration and avoid all exposure to hazardous machinery and unprotected heights.

Tr. at 22-23 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as a medical scheduler and payroll clerk" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 26 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from December 1, 2016, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

### A. Submission of Post-Hearing Evidence

Plaintiff argues the ALJ erred in electing not to consider a medical source statement completed by her treating physician on May 21, 2019 and submitted to the ALJ after her hearing. Joint Memo at 10-13. Defendant counters that the ALJ properly found the submission of the statement was not timely under the Regulations and no exception applied to excuse its untimely submission. Id. at 14-19.

Under the Regulations, a claimant "must inform [the SSA] about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 404.935(a). If a claimant does "not comply with this requirement, the [ALJ] may decline to consider or obtain the evidence," unless an exception applies. Id. The exception possibly applicable in this case is that "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [a claimant's] control prevented [him or her] from informing [the SSA] about or submitting the evidence earlier," including when a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." Id. § 404.935(b)(3)(iv).

Here, when the hearing before the ALJ was set, Plaintiff was notified of the 5-business day rule. See Tr. at 155-60 (Notice of Hearing), 185-86 (Plaintiff's Acknowledgement of Receipt). Plaintiff's counsel informed the ALJ via letter dated March 20, 2019—more than 5 business days prior to the April 30, 2019 hearing—that Plaintiff had "requested the following records: [] Dr. Joshua Summers from October 5, 2018 to present." Tr. at 346. Then, via letter dated April 25, 2019—less than 5 business days prior to the hearing[5]—counsel notified the ALJ that a "Lumbar Spine Medical Source statement to Dr. Joshua

---

[5] There was an intervening weekend between April 25, 2019 and April 30, 2019, making the submission of the April 25, 2019 letter 3 business days prior to the hearing.

- 7 -

Summers" had been provided by counsel to Plaintiff to give to Dr. Summers to complete, but he had not yet completed it. Tr. at 348.

At the hearing, counsel notified the ALJ of his intention to submit Dr. Summers' medical source statement that had not yet been completed. Tr. at 49-50. Counsel stated that although the form had been provided to Dr. Summers "like a month or more" ago, Dr. Summers had not gotten to it because "his office was moving." Tr. at 49. Counsel asked the ALJ to keep the record open for submission of the statement from Dr. Summers when it was received, but the ALJ declined to do so. Tr. at 50.

Following the hearing, the medical source statement was completed by Dr. Summers on May 21, 2019 and submitted by Plaintiff's counsel on May 28, 2019 despite the ALJ stating he would not hold the record open for the statement. Tr. at 33-42. The ALJ issued the Decision on June 5, 2019. See Tr. at 27. As part of the Decision, the ALJ made a number of findings about the untimely submission of Dr. Summers' medical source statement and declined to consider it "because the requirements of 20 [C.F.R. §] 404.935(b) [were] not met." Tr. at 16; see Tr. at 16-17.

The ALJ observed that despite Plaintiff's stated intention in the timely March 20, 2019 letter to submit medical records from Dr. Summers "from October 5, 2018 to present," Tr. at 346, no such records were ever submitted, Tr. at 17. The ALJ found that the March 20, 2019 letter did not sufficiently put

the ALJ on notice that Plaintiff's counsel evidently also intended to have Dr. Summers complete a medical source statement. See Tr. at 17. And, while the April 25, 2019 letter at least put the ALJ on notice of counsel's intent to have Dr. Summers complete the statement, the ALJ found it was untimely because it had been submitted less than 5 business days prior to the April 30, 2019 hearing. Tr. at 17.

The ALJ recognized counsel's assertion that Dr. Summers "had been moving offices and could not complete the statement in time." Tr. at 17. But, the ALJ found that Plaintiff had "been on notice of the hearing for more than four months not to mention represented [by counsel] for more than two years." Tr. at 17. The ALJ concluded that he had not been "informed of the existence of this evidence as required under the rules" and "no basis exists under 20 [C.F.R. §] 404.935(b) to excuse these failures." Tr. at 17.

The ALJ did not err in refusing to admit and consider Dr. Summers' medical source statement. The ALJ correctly found that the March 20, 2019 letter did not adequately put the ALJ on notice of Plaintiff's counsel's intention to obtain the statement. And, while the April 25, 2019 letter did put the ALJ on notice that Dr. Summers had been asked to complete the medical source statement, that letter was untimely under the Regulations. Particularly compelling is counsel's representation at the hearing that he (or his client) had provided the form to Dr. Summers "like a month or more" ago, Tr. at 49, but he

- 9 -

did not notify the ALJ of such until his untimely April 25, 2019 pre-hearing letter, Tr. at 348. Regardless of whether Dr. Summers' reason for failing to complete the form pre-hearing could have been deemed an exception under the Regulations, the fact remains that the ALJ was not even notified of the intention to have Dr. Summers submit a statement until after the prescribed time period set forth in the Regulations. There is no error in this regard.

### B. Assigned RFC

Plaintiff next contends the ALJ erred in assessing the RFC by improperly relying on the opinion of a state agency consultant that was rendered relatively early in the administrative proceedings (at the reconsideration level). Joint Memo at 19-23. Plaintiff recognizes that the ALJ considered evidence post-dating the opinion, but contends "the [D]ecision is clearly based more on the state agency consultant's opinion than later evidence and Plaintiff's allegations." Id. at 20. Plaintiff also contends that the ALJ, in finding that Plaintiff could perform work notwithstanding a work-related injury, "failed to acknowledge" that Plaintiff's work was performed with accommodations. Id. Finally, Plaintiff takes issue with the ALJ's characterization of her daily activities and "routine" treatment. Id. at 21-22. Defendant counters that the assigned RFC is supported by substantial evidence, and the ALJ's Decision makes clear he considered all of the evidence in formulating it. Id. at 23-34.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ's Decision makes clear that he did not rely on the state agency consultant's early opinion to the exclusion of the other evidence. In fact, although the ALJ found the opinion was due "significant weight," Tr. at 26, the ALJ in "an abundance of caution" assigned more restrictions in the RFC than the consultant did "based on [Plaintiff's] subjective reports." Tr. at 26. The ALJ also found that the RFC "is supported by the physical examinations"; that Plaintiff "was able to successfully perform work at the sedentary exertional level for several years after her initial [work-related] injury"; that Plaintiff

"continued working until after her position was eliminated"; that "[t]here is no evidence in the record that suggests that [Plaintiff's] work was accommodated" despite the ALJ providing counsel an opportunity to provide such evidence; and that "the record does not document any significant deterioration in her condition." Tr. at 25 (citation omitted). These findings are supported by substantial evidence and need not be disturbed.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 18, 2022.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record